IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-46-FL

| | | |
|---|---|---|
| LEONEL REYNALDO CUBIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motion to dismiss (DE 6) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The issues raised have been fully briefed by the parties, and in this posture the motion is ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this personal injury action on September 27, 2018, in Cumberland County Superior Court against an employee of the United States Department of Army ("Army"), formerly-named defendant Terraine A. Elliott ("Elliott"). Plaintiff asserts Elliot was negligent in operating his vehicle, resulting in a collision with plaintiff on Fort Bragg military base, in Cumberland County, North Carolina. Plaintiff seeks compensatory damages, interest, fees, and costs.

---

[1] The caption of this order has been constructively amended to reflect dismissal of formerly-named defendant Terraine A. Elliott.

Defendant removed this action to this court on February 20, 2019, asserting jurisdiction on the ground that the United States was the proper defendant in this action because Elliott was acting within the scope of his employment as an employee and member of the Army. In conjunction with its notice of removal, defendant filed a certification of scope of employment and substitution of the United States as the only party defendant.

Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction on February 27, 2019. Defendant argues plaintiff's claims are barred by the Feres[2] doctrine of intraservice immunity for claims arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and for failure to exhaust administrative remedies. In support of its motion, defendant relies upon a declaration of Michael L. Kanabrocki ("Kanabrocki"), an attorney with the Army, and a declaration of Connie M. McConahy ("McConahy"), acting chief of operations and records branch for the Army Claims Service. Plaintiff responded in opposition, and defendant replied on March 20, 2019.

## STATEMENT OF FACTS

The facts alleged in the complaint, as well as the undisputed jurisdictional facts, may be summarized as follows.

"[O]n or about January 17, 2017, at approximately 06:20 a.m., [p]laintiff was a pedestrian jogging west on the sidewalk of Longstreet Road on Fort Bragg, Cumberland County, North Carolina." (Compl. ¶ 3). Elliott, "at the time of the events alleged [in the complaint], was operating a 2011 BMW 328i and stopped at a stop sign on Bigler Street, on Fort Bragg." (Id. ¶ 4). Elliott "moved forward from the stopped position to make a left turn onto Longstreet Road and failed to

---

[2]     Feres v. United States, 340 U.S. 135 (1950).

yield the right of way to [p]laintiff, striking [p]laintiff's right side," which "impact threw [p]laintiff on the hood of [Elliott's] vehicle while [Elliott] continued to make a left turn." (Id. ¶ 5). "Plaintiff was thrown from the hood of [Elliott's] vehicle onto the pavement," and "[p]laintiff had not opportunity to avoid the collision." (Id.). As a result of the collision, plaintiff "suffered severe and painful injuries, including but not limited to a spinal fracture, lower back pain, right knee pain and stiffness, left hip pain, and multiple abrasions." (Id. ¶ 8).

On January 17, 2017, plaintiff was an active-duty service member, Sergeant First Class, assigned to Womack Army Medical Center at Fort Bragg. (Kanabrocki Decl. ¶ 2). That same date, defendant was an active-duty service member, Specialist, assigned to 82nd Airborne Division at Fort Bragg. (Id. ¶ 3). "[W]hen the accident occurred, neither [plaintiff] nor [Elliott] were on furlough or in a leave status, and both were performing official duties." (Id. ¶ 4).

## COURT'S DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac

R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.    Analysis

In Feres, the United States Supreme Court held that the United States has no liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146.   The Feres doctrine is in place to protect congressional authority over the United States' military establishment under the Constitution. See Chappell v. Wallace, 462 U.S. 296, 300-302 (1983).  The appropriate forum for relief when a soldier is injured in the course of activity incident to service is to pursue a claim within military structures, such as under the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 801-946, or through administrative channels. Id. at 302-303.

"[W]here a complaint asserts injuries that stem from the relationship between the plaintiff and the plaintiff's service in the military, the 'incident to service' test is implicated." Cioca v. Rumsfeld, 720 F.3d 505, 515 (4th Cir. 2013).  The court does not apply a bright line rule when determining if plaintiff's case is incident to service, but instead must assess "whether the suit requires the civilian court to second-guess military decisions . . . and whether the suit might impair essential military discipline." Aikens v. Ingram, 811 F.3d 643, 651 (4th Cir. 2016) (quoting United States v. Shearer, 473 U.S. 52, 57 (1985)).  The Feres doctrine is broad enough to include "all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Stewart v. United States, 90 F.3d 102, 105 (4th Cir. 1996) (quotations omitted).  Thus, the Fourth Circuit has considered the rationales behind the incident to service test, as dictated by the Supreme Court, to bar most military service-based claims. Appelhans v. United States, 877 F.2d 309, 311 (4th Cir. 1989).  Importantly, the Feres test "does not inquire whether the

4

discrete injuries to the victim were committed in support of the military mission," but instead whether the asserted injuries "stem from the relationship between the plaintiff and the plaintiff's service in the military." Cioca, 720 F.3d at 515 (quotations omitted).

Plaintiff's claims fall within the core of the Feres doctrine, because it is undisputed that the accident occurred on Fort Bragg military base; both plaintiff and defendant were active-duty service members assigned to Fort Bragg on the date of the accident; and neither were on furlough or in leave status. (See Kanabrocki Decl. ¶¶ 2-4). Moreover, it is not disputed that "both were performing official duties" at the time of the accident. (Id. ¶ 4). Thus, plaintiff's claims must be dismissed for lack of subject matter jurisdiction, under Feres. See Stewart, 90 F.3d at 105.

Plaintiff argues nonetheless that the Feres doctrine should not apply because Elliott "was operating his personal vehicle at the time of the collision and injury to plaintiff," the vehicle was registered as a "private personal vehicle" with the State of North Carolina, and Elliott maintained insurance coverage on the vehicle. (Pl's Opp. 1). Thus, plaintiff argues, he should be able to recover under North Carolina law and the insurance policy for amounts covered by the policy. (See id. at 2).

Plaintiff's argument misses the mark for several reasons. As an initial matter, the Feres test "stem[s] from the relationship between the plaintiff and the plaintiff's service in the military." Cioca, 720 F.3d at 515 (quotations omitted, emphasis added). Thus, formerly-named defendant's use of a private vehicle in causing injuries to plaintiff is not determinative of the Feres test. Here, the undisputed facts of plaintiff's active-duty status and presence on Fort Bragg in performance of official duties require application of the Feres test regardless of the instrument used by formerly-named defendant to injure plaintiff.

In addition, the United States Court of Appeals for the Fourth Circuit has recognized

application of the <u>Feres</u> test in a wide variety of circumstances involving motor vehicle accidents, even where one or the other parties involved in an accident is engaged in personal business, so long as other key criteria of the <u>Feres</u> doctrine are met. <u>See</u> <u>Stewart</u>, 90 F.3d at 105 (collecting cases, citing, for example: <u>Flowers v. United States</u>, 764 F.2d 759, 760 (11th Cir. 1985) (applying <u>Feres</u> doctrine to plaintiff "driving his civilian automobile home from a personal errand to the grocery store during his off-duty hours" ); <u>Warner v. United States</u>, 720 F.2d 837, 838 (5th Cir. 1983) (same, where plaintiff's "motorcycle collided with an automobile driven by a federal employee as a result of the automobile driver's alleged negligence"); <u>Mason v. United States</u>, 568 F.2d 1135, 1135 (5th Cir. 1978) (same, where plaintiff had "been relieved from his routine naval duties, however, and was tending to personal business on his way home" and was "struck by a car driven by" an active duty seaman); <u>see also</u> <u>Kessler v. United States</u>, 514 F. Supp. 1320, 1322 (D.S.C. 1981) ("[A]ctions involving servicemen injured <u>in private motor vehicles</u> on military bases have almost invariably been held to be precluded by Feres.") (emphasis added).

In any event, plaintiff cites no authority for the proposition that availability of liability insurance coverage for the vehicle driven by the formerly-named defendant operates to preserve a claim for state law negligence or insurance recovery. Indeed, this argument is foreclosed by the text of the FTCA itself. By virtue of the fact that Elliott was certified to be acting within the scope of his employment with the Army, the FTCA "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1). "Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded." <u>Id.</u>; <u>see</u> <u>Feres</u>, 340 U.S. at 146 ("We do not think that Congress, in drafting this Act, created a new cause of action <u>dependent on local law</u> for service-connected injuries or death due to negligence.")

(emphasis added); cf., Frankel v. United States, 358 F. Supp. 3d 537, 544 (E.D. Va. 2019) (addressing plaintiff's uninsured motorist claim, stating that the court "lacks the authority to elevate a sound equitable argument over the United States' authorized invocation of its sovereign immunity from suit").

Accordingly, the Feres doctrine bars recovery under North Carolina law for plaintiff's injuries.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 6) is GRANTED, and plaintiff's action is DISMISSED for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of September, 2019.

LOUISE W. FLANAGAN
United States District Judge